JOVITO GONZÁLEZ, Petitioner, *v.* REGISTRAR OF PROPERTY OF HUMACAO, Respondent.

No. 1038. Argued January 24, 1939.—Decided February 17, 1939.

*Francisco González Fagundo* and *Brown, González & Newsom,* for petioner. The Registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

In a notarial instrument executed August 21, 1925, the treasurer of a corporation acknowledged payment of a certain obligation and cancelled or attempted to cancel a mortgage to secure the payment of that obligation. At a directors' meeting December 10, 1938, a resolution was adopted whereby the directors of the corporation ratified the action of the treasurer.

A registrar of property refused to cancel the mortgage because it appeared from the registry of property that the mortgage credit was subject to an attachment lien recorded August 25, 1930 and extended by subsequent orders of the court; and because such record entry could not be cancelled without the consent of the attachment creditor or an order of court. The registrar also pointed out that the date of ratification was subsequent to that of the attachment and of the various extensions. He cited in support of his ruling *Escalona* v. *Registrar,* 7 P.R.R. 462; *León* v. *Registrar,* 46 P.R.R.——, and *Pérez* v. *Registrar,* 50 P.R.R.——.

Appellant says that he presented the instrument of cancellation for record and did not request any cancellation of the record entry concerning the attachment. The registrar

in his brief refers to his ruling as a refusal of the request that the instrument be recorded. Hence, we so construe that ruling.

The registrar did not question the efficacy of the notarial instrument of August 21, 1925, together with the resolution of ratification, except as to its operation and effect upon the rights recorded prior to the date of ratification. Hence, we need not stop now to speculate as to possible grounds of objections not raised by the ruling appealed from.

If the instrument of cancellation—aside from any question as to its possible effects upon subsequent recorded rights—was eligible to record, we see no reason why it should not have been recorded without prejudice to such rights. Such a course, while protecting rights already recorded, would avoid further complications by giving notice to attaching creditors and other interested parties of whatever rights the present owner of the property in question may have.

The ruling appealed from must be reversed with instructions to record the instrument of cancellation without prejudice to the rights of the attaching creditor referred to in the ruling.